STATE ex rel. DORA LEHMAN v. WILLIAM C. MARTIN and Another.[1]

November 11, 1904.

Nos. 14,055—(151).

**Appeal—Habeas Corpus.**
    A final order of a court commissioner, made in habeas corpus proceedings, is, under chapter 327, p. 734, Laws 1895, appealable within thirty days after it is filed with the clerk of the district court, even though it directs the entry of a judgment for the relief awarded.

Appeal by respondent Martin from the order of Walter Wakeman, Esq., court commissioner for the county of Lyon, directing judgment in the district court for that county that relator have the care and custody of the child Arlene Martin. Motion to dismiss appeal denied.

*M. E. Mathews,* for appellant.

*Korns & Johnson,* for respondent.

BROWN, J

Relator sued out a writ of habeas corpus before the court commissioner of Lyon county to secure the possession and custody of a child. The writ was returnable before and was heard by that officer, who made findings of fact and order for judgment awarding the child to

[1] Reported in 101 N. W. 303.

relator, which order was duly filed in the office of the clerk of the district court. Thereafter, and within thirty days from the date of filing the same, respondent in the proceeding appealed therefrom to this court.

Relator moves to dismiss the appeal on the ground that the order is not appealable; that the appeal should have been taken from the judgment which the order of the court commissioner directed to be entered. The motion is denied. Chapter 327, p. 734, Laws 1895, provides that

> Any party feeling aggrieved by any final order of the district court, district judge or court commissioner made in a special proceeding instituted upon a writ of habeas corpus may within thirty days after such order is filed in the office of the clerk of the district court appeal therefrom to the supreme court.

The intention of this statute was to speed the hearing of habeas corpus cases, and to take them out of the general rule applicable to appeals to the supreme court. The order finally disposed of the case in so far as the court commissioner was concerned, and is appealable within the meaning and purpose of the statute above cited.

Motion denied.